JOSEPH HOWARD AUTENRIETH, PLAINTIFF-RESPOND-ENT, v. CARRIE B. VLIET AND HARRY VLIET, Jr., DE-FENDANTS-APPELLANTS.

Submitted October 2, 1945—Decided October 31, 1945.

Before Justices CASE, BODINE and PERSKIE.

For the defendants-appellants, *Clancy & Murphy.*

For the plaintiff-respondent, *Biunno & Rothenberg (Ferdinand J. Biunno).*

The opinion of the court was delivered by

BODINE, J. Judgment in this case was for $103.50. The action arose because of the alleged violation of the Emergency Price Control Act of 1942, *U. S. C. A. Title* 50, § 205 (*e*), and the regulations promulgated thereunder, particularly *Rev. M. P. R.* 139 of March 24th, 1943.

On or about September 1st, 1943, the defendants sold to the plaintiff a 1932 Model L-57 Sparton refrigerator, serial B2675. The price paid was $45. The regulations provide

a price of $10.50 for such a refrigerator. The statute permits, of triple damages in such case as were awarded here.

Clearly, the refrigerator was sold as an "As is" refrigerator. The contention was that because there was a new motor it was a reconditioned refrigerator, but there was no guarantee as in such case made and provided. Besides, the defendants were not dealers and the provision respecting the addition of the net cost of the replacement applies only to such group. Had there been a guarantee as required of the dealer the refrigerator must have been placed in working order. The replacement part cost $35.

The case seems a hard one. If the defendants had refrained from purchasing the replacement part they could have sold for $10.50 and saved the $35 they paid for the part. If they had been dealers and given a guarantee for one year's service, they could have sold for $45.50.

Courts, however, cannot change the acts of parties litigant nor can they rewrite laws. The act was extended to individual sales and the individuals sold at their peril, if they disregarded the act and regulations thereunder, and were hence liable in damages.

The judgment is affirmed, with costs.